UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cr-0136-SEB-TAB |
| | ) | |
| JOHN THOMAS MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker on August 1, 2012 and August 15, 2012, designating this Magistrate Judge to conduct a hearing on the Petitions for Summons or Warrant for Offender Under Supervision filed with the Court on July 30, 2012 and August 14, 2012 (the "Petitions"), and to submit proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on October 1, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Montgomery appeared in person with his appointed counsel, William H. Dazey, Jr. The government appeared by Nicholas Surmacz, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris M. Dougherty, U. S. Parole and Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* Title 18 U.S.C. §3401(e).

1. William H. Dazey, Jr., Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Montgomery in regard to the pending Petitions for Revocation of Supervised Release.

2. A copy of the Petitions for Revocation of Supervised Release were provided to Mr. Montgomery and his counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Mr. Montgomery was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Montgomery was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Montgomery was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Montgomery had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. Montgomery would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Montgomery executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Montgomery, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | The offender submitted five urine screens which have tested positive for marijuana. The screens were submitted on June 11, 2012; June 19, 2012; June 25, 2012; June 26, 2012; and July 2, 2012. The offender submitted two negative screens on July 13, 2012, and July 24, 2012. The offender admitted smoking marijuana "cush" to produce these positive screens. He claimed he only smoked marijuana on one occasion to produce these five positive screens. |
| | On July 24, 2012, a search of the offender's residence was conducted. Located in his residence were three digital scales, all of which had suspected marijuana residue on them, and a marijuana "joint," which tested positive for marijuana by a drug test kit. |
| **3a** | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | In addition to the five positive screens already reported to the Court in the prior petition, the offender submitted a sixth urine screen which have tested positive for marijuana on July 30, 2012. |
| 4 | *"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."* |

        The offender failed to report for a scheduled drug treatment session on July 16, 2012. He has failed to pay any amount toward a required substance co-pay fee of $150. He admitted on July 16, 2012, when providing a urine sample that appeared dilute that he intentionally consumed large quantities of liquid prior to providing his urine screen in an attempt to dilute his sample.

**4a**    *"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."*

        The offender failed to report for two random urine drug screens on July 28, 2012, and August 10, 2012.

**6**    *"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons."*

        The offender has not been employed on a stable basis since February 13, 2012. On February 13, 2012, he was terminated from IFCO Pallet Company for "dishonesty and filing a false report." The offender was in a dispute with his former employer regarding an alleged injury which occurred on the job. Since that date, the offender has worked for seven different employers, each averaging less than two weeks. The offender has failed to show a good faith effort to obtain employment.

**7**    *"The defendant shall pay any fine that remains unpaid at the commencement of supervised release."*

        The offender was ordered to pay a $5,000 fine. After twelve months of supervision, he has made a total of three payments totaling $125, with his last payment submitted on February 3, 2012. On August 9, 2011, he signed a payment agreement to pay $50 per month toward his fine balance.

        The offender receives $200 per month in food stamps. He was receiving unemployment benefits of approximately $1,200 per month from February 18, 2012, through at least May 22, 2012. The offender used $1,000 cash, which he stated he obtained from student loans, to purchase a 1997 Cadillac. Records submitted by the offender indicate he has received at least one Pell grant of $1,000.

**8**    *"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."*

        The offender appears to have received approximately $6,000 in student loans. The offender requested permission to obtain the student loans from the probation office in October 2011, and was denied permission to obtain

>> new credit, yet he sought and secured the loans. The offender is currently enrolled as a student at Ivy Tech.

> **10**     *"The defendant shall not commit another federal state or local crime."*
>
>> On June 26, 2012, the offender was cited by officers of the Indianapolis Police Department for Operating a Vehicle While Never Receiving a License, A-misdemeanor, which was filed in Marion County Traffic Court under cause number 12-047278, and remains pending. The offender was warned repeatedly by the probation officer not to drive without a valid license.

The Court placed Mr. Montgomery under oath and directly inquired of Mr. Montgomery whether he admitted violations of the specifications of his supervised release set forth above. Mr. Montgomery stated that he admitted the above violations as set forth above. The government moved to dismiss specifications numbered 5 and 9 contained in the Petitions, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

1) Mr. Montgomery has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Montgomery constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Montgomery is 21-27 months.

4) The appropriate disposition of the case would be modification of defendant's supervised release as follows:

(a) For 9 months, defendant will be subject to GPS electronic monitoring, in accordance with the rules and regulations as set by the U. S. Parole and Probation Office for the Southern District of Indiana. During the 9 months under GPS electronic monitoring, Mr. Montgomery will be at his residence unless he is engaged in his employment, attending school courses, attending

> church services, seeking or receiving medical treatment, or as specifically engaged in any other activity approved by his supervising U. S. Parole and Probation Officer.  Mr. Montgomery will pay all fees associated with the GPS electronic monitoring.
>
> (b) Mr. Montgomery's earnings will be garnished in the amount of $150 per month, which will be used to pay down the balance on the fine previously imposed by the District Court.
>
> (C) Upon conclusion of the electronic monitoring, Mr. Montgomery's supervised release shall continue otherwise as previously imposed by the District Court.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, JOHN THOMAS MONTGOMERY, violated the specified conditions of supervised release as delineated above and in the Petitions.  The Defendant's supervised release is therefore **MODIFIED** as set forth above.

Counsel for the parties and Mr. Montgomery stipulated in open court waiver of the following:

> 1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Montgomery entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate

Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying JOHN THOMAS MONTGOMERY's Supervised Release.

IT IS SO RECOMMENDED this 16th day of October, 2012.

                                                                    _____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nicholas Surmacz
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William J. Dazey, Jr.
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal