UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  1:11-cr-00136-SEB-TAB-1 |
| ) | |
| JOHN THOMAS MONTGOMERY ) | |
| ) | |
| Defendant. ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker on June 10, 2013, directing the magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on June 10, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§3401(i) and 3583(e).  All proceedings were held on September 11, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 11, 2013, defendant John Thomas Montgomery appeared in person with his appointed counsel, Vincent Scott.  The government appeared by Zachary Myers, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

---

[1]  All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

1.   The court advised Mr. Montgomery of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Montgomery questions to ensure that he had the ability to understand the proceedings and his rights.

2.   A copy of the Petition was provided to Mr. Montgomery and his counsel, who informed the court they had reviewed the Petition and that Mr. Montgomery understood the violations alleged.  Mr. Montgomery waived further reading of the Petition.

3.   The court advised Mr. Montgomery of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Montgomery was advised of the rights he would have at a preliminary hearing.  Mr. Montgomery stated that he wished to waive his right to a preliminary hearing.  Mr. Montgomery, by counsel, executed a written waiver of the preliminary hearing, which the court accepted.

4.   Mr. Montgomery stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

5.   The court advised Mr. Montgomery of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.   Mr. Montgomery, by counsel, stipulated that he committed Violations Number 1, 2, 3, and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall not commit another federal, state, or local crime."* |

On May 26, 2013, John Montgomery was arrested by the Indianapolis Metropolitan Police Department and charged with Operating a Vehicle While Intoxicated. The police report alleges the offender drove around barricades set up for directing traffic on the day of the Indianapolis 500, and nearly struck an officer who was directing traffic and attempting to stop his vehicle. The report alleges the offender drove north into southbound lanes and nearly caused a head-on crash with southbound traffic. The offender's vehicle was stopped, and he became verbally abusive to the arresting officers, telling them to "suck (his) d**k." The officer noticed the offender smelled of alcohol and exhibited slurred speech. When Mr. Montgomery was asked to perform some field sobriety tests, he stated, "I ain't doing s**t." The offender later consented to a breath test and was transported to West District roll call, where a breath test was administered. According to the report, on the way to the test, the offender made numerous statements that he drinks a lot and is an alcoholic, but does not "mess" with drugs anymore. The offender's test resulted in a .15 BAC, and he was placed under arrest.

This case is pending in Marion County Superior Court under case #13-034538. The offender was charged with Count 1, Operating a Vehicle while Intoxicated, A-misdmeanor; and Count 2, Operating a Vehicle with BAC Greater Than 0.15%, A-misdemeanor. The case is scheduled for a pretrial conference on July 8, 2013.

The offender admitted to this officer that he was drinking vodka prior to driving and stated he plans to plead guilty in this case. The offender denied a problem with alcohol and refused to sign a waiver to add a no alcohol condition to his supervised release. He stated, "You will not take away another one of my freedoms."

| | |
|---|---|
| 2 | *"The defendant shall refrain front excessive use of alcohol."* |

The offender previously admitted buying one-half gallon of vodka every weekend to consume with friends and family. His recent

-3-

arrest for drinking and driving is further evidence of problematic alcohol use.

3   *"The defendant shall he monitored by Passive GPS Monitoring for a period of 9 months, to commence as soon as practicable, and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the program as directed by the court or probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release: the defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court- ordered obligations; or other activities as preapproved by the probation officer."*

The offender was placed on the location monitoring program as a result of previous violations on October 22, 2012. This condition was part of an agreed disposition, as the probation office had originally requested placement in a residential re-entry center. During this monitoring period, the offender has incurred violations of his schedule and noncompliance with the program rules on over 17 different occasions. Mr. Montgomery's excuses for some of these violations included: dropping a friend off at the bus station; going to the grocery store; going to a pawn shop; visiting his sister; and his intoxicated father leaving him stranded after driving away with his car. Additional violations were incurred for not properly charging his equipment as directed and moving the equipment, which is against policy. The offender expressed great disdain for his condition of location monitoring, repeatedly told the probation officer that he could violate this condition as frequently as he wanted, and stated the Court would not sanction him for violating this condition. On May 28, 2013, during an office visit to discuss his recent arrest, the offender stated, "When I get off house arrest, I am going to give you hell." This officer asked Mr. Montgomery if his statement was a threat to the probation officer, he stated "I meant what I said." The offender's placement on location monitoring is due to expire on July 7, 2013.

6   *"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."*

>       The offender appears to have received approximately $9,000 in new student loans. He originally requested this officer's permission to obtain student loans in October 2011. Though he was denied permission to obtain new credit, he sought and secured $6,000 in loans; this was addressed in a previous violation petition. The new loans of approximately $9,000 were listed on the offender's credit report in April 2013.

7.   The court placed Mr. Montgomery under oath and directly inquired of Mr. Montgomery whether he admitted the violations of his supervised release as set forth above. Mr. Montgomery admitted the above violations.

8.   Counsel for the parties and the USPO further stipulated to the following:

   a)   Mr. Montgomery has a relevant criminal history category of VI (U.S.S.G. § 7B1.4(a)).

   b)   The most serious grade of violation committed by Mr. Montgomery constitutes a Grade C violation (U.S.S.G. § 7B1.1(b)).

   c)   According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Montgomery is 8-14 months.

   d)   The appropriate disposition of the case would be: (a) that Mr. Montgomery's supervised release should be revoked; and (b) that Mr. Montgomery should be sentenced to a term of imprisonment of 12 months and 1 day with no supervised release to follow.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, James M. Montgomery, violated the above-specified conditions number 1, 2, 3, and 6 in the Petition and that the disposition to which the parties and the USPO have agreed is appropriate. The defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, with no supervised release to follow. Mr. Montgomery is permitted to self-report to the Bureau of Prisons upon assignment and is subject to location monitoring until that time.

Counsel for the parties and Mr. Montgomery stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge as provided by Title 28 U.S.C. §636(b)(1)(B).

Counsel for the parties and Mr. Montgomery entered the above stipulations and waivers after being notified by the magistrate judge that the district court may refuse to accept the stipulations and waivers and conduct a revocation hearing and/or may reconsider the magistrate judge's Report and Recommendation, including making a *de novo* determination of any portion of it.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Montgomery's supervised release and imposing a sentence of imprisonment of 12 months and 1 day in the custody of the Attorney General or his designee with no supervised release to follow. The magistrate judge further recommends that Mr. Montgomery be permitted to self-report to the Bureau of Prisons upon assignment and be subject to location monitoring until that time.

IT IS SO RECOMMENDED.

Date: 10/16/2013

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

-7-

Distribution:

Zachary Myers
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Vincent Scott
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

United States Probation Office

United States Marshal